**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOANNA D. LIPSCOMB, ) <br> ) <br> Plaintiff, ) <br> ) <br> v.                              ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> COMMISSIONER OF THE SOCIAL ) <br> SECURITY ADMINISTRATION, ) <br> ) <br> Defendant. ) | Case No. CIV-10-1034-F |

**REPORT AND RECOMMENDATION**

Plaintiff, Joanna D. Lipscomb, appearing *pro se*, seeks judicial review of a denial of supplemental security income benefits (SSI) by the Social Security Administration prior to January 2009.[1] This matter has been referred for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). It is recommended that the Commissioner's decision be affirmed.

**I.    Procedural History**

Ms. Lipscomb filed an application for SSI benefits on May 12, 2005. The Social Security Administration denied her application initially and on reconsideration. Following an administrative hearing, the Administrative Law Judge (ALJ) issued an unfavorable

---

[1] Plaintiff states in her Complaint that she is currently receiving SSI and has received those benefits since January 2009. *See* Complaint ¶ 4. This action is for judicial review of a prior decision denying SSI, for which Plaintiff seeks "backpay" and punitive damages. *Id*. at p. 5.

decision on April 27, 2007. *See* Administrative Record [Doc. #11] (AR) at 18-23. The Appeals Council denied Ms. Lipscomb's request for review. AR 5-7. This appeal followed.[2]

## II. The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. The ALJ first determined that Ms. Lipscomb had not engaged in substantial gainful activity since May 12, 2005. AR 22. At step two, the ALJ determined that Ms. Lipscomb has the following severe impairments: chronic back pain secondary to degenerative disc disease of her lumbar spinal region, osteoporosis, hypertension, and chronic headaches. *Id*. At step three, the ALJ found that Ms. Lipscomb's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*.

The ALJ next determined Ms. Lipscomb's residual functional capacity (RFC):

She possesses the residual functional capacity to perform skilled work at the light exertional level. Specifically, the undersigned finds that she is not precluded from lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; standing and/or walking about 6 to 8 hours in an 8-hour work day; sitting about 6 to 8 hours in an 8-hour work day; pushing or pulling unlimitedly except as shown for lifting and/or carrying; unlimited performing postural changes; unlimited performing manipulative functions; unlimitedly performing visual or other sensory functions; unlimitedly performing communicative functions; unlimited performing social functions; unlimitedly comprehending, remembering, and carrying out complex job instructions; and unlimitedly performing environmental functions.

---

[2] By order of the Appeals Council, Ms. Lipscomb was granted an extension of time through September 22, 2010, within which to commence a civil action for the purpose of reviewing the ALJ's April 27, 2007 decision. *See* AR 4.

*Id*. At step four, the ALJ concluded that "the demand and requirements of her past relevant work as an assembly line worker does not exceed her residual functional capacity." *Id*. Therefore, the ALJ determined Ms. Lipscomb can perform her past relevant work. Alternatively, at step five, the ALJ concluded that there are jobs existing in significant numbers in the national economy that Ms. Lipscomb can perform. *Id*.

### III.   Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

**IV.     Analysis**

Because she is proceeding *pro se*, this Court must liberally construe Ms. Lipscomb's claims. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n. 3 (10th Cir. 1991) ("The *Haines* rule [requiring liberal construction] applies to all proceedings involving a *pro se* litigant . . . ."). *See also Lawton v. Barnhart*, 121 Fed. Appx. 364, 365 (10th Cir. Feb. 7, 2005) (unpublished op.) (applying *Haines* to appellate brief of *pro se* social security claimant). The Tenth Circuit has stated the following regarding the liberal construction requirement:

> We believe this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. [footnote omitted]. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.

*Hall*, 935 F.2d at 1110.

Plaintiff presents the following claims in her brief without further development or explanation:

      A.    Lengthy durations.
      B.    Failure to withhold crucial evidence, substantially supporting said claim.
      C.    Failure to document said impairments, relevant to said claim.
      D.    Failure of the Administrative Law Judge to use "The Residual Functional Capacity and Vocational guidelines."
      E.    Failure of the Administrative Law Judge to use the proper procedures, ethics, codes, and rulings in determining said Plaintiff's ability to do past work, her age, education and work experience.
      F.    Failure of the Administrative Law Judge in analyzing or determining what effect the medical evidence had on the Plaintiff's Residual

        Functional Capacity nor properly weigh out the evidence before him that was documented by license doctors nor followed the required Rulings under said Social Security Administration's Statutes of Law.

G.   Failure of the Administrative Law Judge to: apply the "treating physicians' rule."

H.   Failure to constitute Plaintiff's rights under said law.

I.   Administrative Law Judge's Speculations and contradictions.

J.   Administrative Law Judge's failure to base said Plaintiff's case on the actual said facts instead of, quote un quote "hypothetical" when allowing the vocational rehabilitation expert to testify her opinion.

K.   Failure of rejecting Plaintiff her rights to said documents within said file.

L.   Failure of depriving Plaintiff of her rights to entitlements of back pay under said law.

M.   Failure of the Appeals Council – to produce essential evidence to Plaintiff that was beneficial to said claim. Whereas taking three years as of 2011, after four attempts.

N.   Failure by the Defendants to answer within the 60 day time limit under Rule 12 of the Federal Rules of Civil Procedure.

*See* Plaintiff's Brief [Doc. #15] at 2-3.[3] Three months after filing her brief, Plaintiff filed a document entitled "Exhibits" containing 17 exhibits. *See* Plaintiff's Exhibits [Doc. #18].

The Commissioner contends Plaintiff has waived review of any decisional errors in the administrative process. *See* Brief in Support of the Commissioner's Decision [Doc. #17] at 4-5. The Court agrees. Plaintiff's claims are wholly conclusory, and the presentation of her claims consists primarily of a list of common legal phrases relating to judicial review of administrative disability decisions without any framework or development of claims. For example, she references the "treating physician rule," *see* Plaintiff's claim "G," but fails to

---

[3]The record establishes that contrary to Plaintiff's claim "N", the Commissioner timely filed his answer on March 4, 2011. *See* Answer [Doc. #9]. The Court previously denied as moot, Plaintiff's Motion for Default Judgment. *See* Order [Doc. #14].

identify a treating physician or any aspect of the ALJ's decision erroneously applying the treating physician rule. She also misstates the governing law. For example, contrary to Plaintiff's contention in claim "J", the ALJ is required to use hypothetical questions when examining a vocational expert.[4] After careful review of Plaintiff's Brief and Exhibits, the Court concludes that to give articulation and context to any of Plaintiff's claims would require the Court to engage in speculation and impermissible advocacy on behalf of Plaintiff. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).[5]

On the record presented, therefore, Plaintiff has waived review of any decisional errors. *Compare Young v. Astrue*, 219 Fed. Appx. 840, 842 (10th Cir. March 22, 2007) (unpublished op.) ("Ms. Young's generalized and conclusory statements wholly fail to frame or develop any perceived error in the Commissioner's decision. Accordingly she has waived review of any decisional errors in the administrative process."). On that basis, the decision of the Commissioner should be affirmed.[6]

---

[4]*See* 20 C.F.R. § 416.960(b)(2) ("[A] vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.).

[5]The Commissioner has, in the alternative, fully briefed whether substantial evidence supports the ALJ's findings at steps four and five. *See* Brief in Support of Commissioner's Decision at 6-14. But, Plaintiff has failed to adequately state any claim requiring such review. Therefore, to review the ALJ's findings at steps four and five, where no specific claim of error is alleged, would require the Court to impermissibly advocate on claimant's behalf. For this reason, the Court finds it unnecessary to address the Commissioner's alternative contentions.

[6]In her Complaint and again in the opening paragraph of her Brief, Plaintiff states she is seeking punitive damages arising out of the Commissioner's negligence. *See* Complaint at 1-5; Plaintiff's Brief at 1. As the Commissioner correctly points out, Plaintiff is prohibited from pursuing
(continued...)

**RECOMMENDATION**

It is recommended that the Commissioner's decision be affirmed.

**NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by November  1st , 2011. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this  11th  day of October, 2011.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE

---

[6](...continued)
a negligence claim for damages in this action as the Court lacks jurisdiction to consider such a claim for relief against the Commissioner. *See* 42 U.S.C. § 405(g) and (h).